**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| DOROTHY L. CRISP, | ) | No. CV 10-6821(CW) |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Security, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability and disability insurance benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and remanded for further administrative proceedings consistent with this decision and order.

### I. BACKGROUND

Plaintiff Dorothy L. Crisp was born on November 17, 1953, and was fifty-one years old on the alleged disability onset date [Administrative Record, "AR," 94.] She has a law degree and past

1

relevant work experience as an attorney. [AR 16.]  Plaintiff alleges disability due to post-traumatic stress disorder ("PTSD") stemming from a sexual assault. [AR 123.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 14, 2010, and filed on September 15, 2010.  On March 18, 2011, defendant filed an answer and plaintiff's Administrative Record ("AR").  On May 23, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") on February 17, 2006, alleging disability since August 16, 2005. [AR 94.] She met the insured status requirements of the Social Security Act through December 31, 2009. [AR 13.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on September 22, 2008, before Administrative Law Judge ("ALJ") Mary L. Eversine. [AR 22-43.] Plaintiff appeared with counsel and testified [AR 24-35]; the ALJ also heard the testimony of vocational expert ("VE") Elizabeth Cerezo [AR 35-41].  The ALJ denied benefits in a decision dated October 16, 2008. [AR 11-18.]  When the Appeals Council denied review on July 28, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]

This action followed.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**V. DISCUSSION**

**A. THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 15, 2005, her alleged disability onset date (step one); that plaintiff had the "severe" impairments of: chronic PTSD, depressive disorder (not otherwise specified, with anxious features), and panic disorder without agoraphobia (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13.] Plaintiff was found to have an RFC to perform a full range of work at all exertional levels, but with non-exertional limitations to simple, repetitive tasks which do not require interaction with the general public and which do not have a high production quota. [AR 14.]

Based on this RFC, plaintiff was found unable to return to her past relevant work as an attorney (step four). [AR 16.] Based upon the testimony of the VE, however, the ALJ found that a person of plaintiff's age, education, work experience, and RFC could perform work existing in significant numbers in the national economy, such as a janitor or dishwasher (step five). [AR 17.] Accordingly, plaintiff

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

was found not "disabled" as defined by the Social Security Act (the "Act"). [AR 17-18.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies two disputed issues, whether the ALJ properly evaluated:

1.   The opinions of the examining psychologist; and
2.   Plaintiff's testimony.

[JS 3.] The first issue is dispositive.[2]

**D.   ISSUE ONE: EXAMINING PSYCHOLOGIST**

Plaintiff first contends the ALJ erred in the RFC assessment because the RFC omits moderate mental functioning limitations articulated by consultative psychological examiner Lance Portnoff, Ph.D., whose opinion the ALJ purported to adopt.

Dr. Portnoff examined plaintiff on July 8, 2006, interviewing plaintiff and assessing her mental condition by having her complete a series of psychological tests. [AR 172-77.] Dr. Portnoff then opined that plaintiff has the following mental functioning limitations and abilities:

- mild restrictions in daily activities, and she does not need assistance or supervision with basic activities of daily living, but has low motivation to groom/bathe/cook due to depressive apathy, but can drive and can manage her money;
- mild limitations in maintaining social functioning because of deficiencies in retaining information in verbal memory, social judgment also due to anxious depression, PTSD, and Panic Disorder;

---

[2] Because issue two does not affect the need for a remand for further proceedings, the court need not reach it.

6

- mild difficulties with concentration, persistence, and pace, as measured by psychometrics;
- no reported history of repeated episodes of emotional deterioration in work-like situations;
- ability to understand, carry out, and remember simple instructions;
- moderate limitation in the ability to respond appropriately to co-workers, supervisors, or the public, because of deficiencies in retaining information in memory, attention, processing speed, and in judgment, and because of anxious depression, PTSD, and Panic Disorder;
- mild limitations in her ability to respond appropriately to usual or routine work situations, such as attendance and safety because of depressive anergia/apathy;
- moderate limitations in her ability to deal with unexpected changes in a routine work setting, because of deficiencies in judgment and because of anxious depression, PTSD, and Panic disorder.

[AR 176.]

The RFC assessment of state-agency reviewing physician H.N. Hurwitz, M.D., comports with Dr. Portnoff's for the most part; however, Dr. Hurwiz's assessment concludes that plaintiff can, in fact, "relate adequately with coworkers and supervisors, but not with the public." [AR 180.] Furthermore, Dr. Hurwitz omitted the moderate limitation in plaintiff's ability to deal with unexpected changes that was opined by Dr. Portnoff. [AR 179.]

Notwithstanding these inconsistencies, in the hearing decision the ALJ stated that she would credit both "the State agency (Exhibit

3F) *and* the consultative examiner (Exhibit 2F)" (emphasis added) based on "supportability with medical signs and laboratory findings; consistency with the record; and area of specialization." [AR 16.]

The RFC, furthermore, adopts only those limitations opined by Dr. Hurwiz, omitting the two moderate limitations found by Dr. Portnoff and mentioned above. [See AR 14, 176.] In so doing, the ALJ effectively rejects Dr. Portnoff's opinion in favor of the less restrictive opinion of the non-examining state-agency reviewing physician.[3] This is in error.

The opinion of a non-examining physician, by itself, does not provide substantial evidence to justify rejection of the opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). It is error for an ALJ to neither explicitly reject the opinion of an examining physician nor set forth specific, legitimate reasons for crediting a non-examining medical advisor over an examining physician. Nguyen v. Chater, 100 F.3d 1462 (9th Cir. 1996).

Accordingly, reversal is required on this issue.

**E.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to

---

[3] In making these findings, the ALJ specifically declined to credit more significant restrictions opined by plaintiff's treating psychiatrist, Celia Woods, M.D. [see AR 310]; plaintiff does not challenge that aspect of the decision here. [See JS.]

8

remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, the ALJ erred in assessing Dr. Portnoff's opinion and did not present a hypothetical to the VE that included all of the limitations Dr. Portnoff found. Thus, outstanding issues remain before a determination can be made, and remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with the decision.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: June 13, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge